UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-04723-MRA-MAR | | Date | February 20, 2026 |
|---|---|---|---|---|
| Title | *Narguess Noohi v. The Hershey Company* | | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**    **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER [39] AND DENYING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE TO RENEWAL BEFORE TRANSFEREE COURT [34]**

Before the Court are two motions: Defendant's Motion to Transfer and Defendant's Motion to Dismiss.  ECF 39, 34.  The Court read and considered the moving, opposing, and reply papers and deemed the matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); L.R. 7-15.  For the reasons stated herein, the Court **GRANTS** the Motion to Transfer and **DENIES** the Motion to Dismiss without prejudice to renewal before the transferee court.

## I.    BACKGROUND[1]

On April 21, 2025, Plaintiff Narguess Noohi ("Plaintiff" or "Noohi") filed this putative class action against the Hershey Company ("Defendant" or "Hershey") in Los Angeles Superior Court.  ECF 1-1.  Plaintiff is an individual residing in Los Angeles County, California.  ECF 31 ¶ 6.  Hershey is a Delaware corporation headquartered in Hershey, Pennsylvania.  *Id.* ¶ 7.

Defendant manufactures, advertises, markets, sells, and distributes a snack product throughout California and the United States under the brand name Pirate's Booty.  *Id.* ¶ 9.  During the proposed class period, Defendant labeled the following Pirate's Booty products— Aged White Cheddar Puffs, Cheddar Blast Puffs, and Smart Puffs (collectively, "the Products")— as containing "no artificial preservatives" when the Products contained artificial, synthetically manufactured citric acid and lactic acid.[2]  *Id.* ¶¶ 10–22.

---

[1] The factual background is described as alleged in Plaintiff's First Amended Complaint ("FAC").  ECF 31.

[2] Plaintiff alleges that Cheddar Blast Puffs and Smart Puffs contained both citric acid and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04723-MRA-MAR | Date | February 20, 2026 |
|----------|----------------------|------|-------------------|
| Title | *Narguess Noohi v. The Hershey Company* | | |

On January 29, 2025, Plaintiff purchased one of the Aged White Cheddar Puffs Products from a Sprouts grocery store in Los Angeles, California. *Id.* ¶ 23. Plaintiff made her purchasing decision based on the Product's labeling, which indicated that the Product did not contain any artificial preservatives. *Id.* ¶ 24. Under the generally accepted understanding of the terms "artificial" and "preservatives," Plaintiff and other reasonable consumers would consider citric and lactic acids as non-natural preservatives. *Id.* ¶¶ 25–27. But for Defendant's misleading and fraudulent labeling, Plaintiff either would not have purchased the Product or, if she did purchase the Product, would have only done so because she was able to pay substantially less for it. *Id.* ¶¶ 28–45.

Based on these allegations, Plaintiff brings three claims individually and on behalf of others similarly situated for violations of California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500 *et seq.*), California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*), and California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*). *Id.* ¶¶ 51–72. Plaintiff defines the proposed class as "all persons within the United States who purchased the Products within four years prior to the filing of the original Complaint through to the date of class certification." *Id.* ¶ 46. Plaintiff also proposes a California subclass, which she defines as "all persons within California who purchased the Products within four years prior to the filing of the original Complaint through the date of class certification." *Id.* ¶ 47. Plaintiff does not know the exact number or identities of the class or subclass members but believes the classes will "include thousands, if not millions of members." *Id.* ¶ 49.

Defendant removed this action to federal court on May 23, 2025. ECF 1. Defendant then filed the instant Motion to Dismiss on August 18, 2025, and the Motion to Transfer on August 20, 2025. ECF 34, 39. Plaintiff filed Oppositions to both Motions. ECF 42, 43. Defendant filed Replies. ECF 44, 47.

## II.    LEGAL STANDARD

A district court may transfer any civil action to "any other district or division where it might have been brought" if doing so is "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Section 1404(a) "does not condition transfer on the initial forum's being 'wrong.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013). Rather, the purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation and internal quotation

---

lactic acid, but that Aged White Cheddar Puffs only contained citric acid. *Id.* ¶ 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04723-MRA-MAR | Date | February 20, 2026 |
|---|---|---|---|
| Title | *Narguess Noohi v. The Hershey Company* | | |

marks omitted).

The analysis under § 1404(a) is two-fold. First, the defendant must establish that the matter "might have been brought" in the district to which transfer is sought. 28 U.S.C. § 1404(a). "This includes demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009). Second, the court must balance three factors: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. 28 U.S.C. § 1404(a). In analyzing the third factor, several considerations are relevant, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The decision to transfer requires "an individualized case-by-case consideration of convenience and fairness." *Id.* at 498 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). No single factor is dispositive. *See Atlantic Marine Const. Co.*, 571 U.S. at 63.

## III.    DISCUSSION

Hershey argues that this action could have been brought in the Middle District of Pennsylvania, and the weight of interest-of-justice factors, as well as the convenience to the witnesses and the parties, warrants transfer to that district. ECF 39. Plaintiff responds that her choice of forum is owed deference because she is a resident of this district, there is no argument or evidence of forum-shopping, and Hershey has not made a substantial showing of inconvenience or expense under the remaining interest-of-justice factors. ECF 43.

As an initial matter, it is undisputed that this action could have been brought in the Middle District of Pennsylvania. Defendant is subject to personal jurisdiction in that district because it is headquartered in Hershey, Pennsylvania. *See* ECF 31 ¶ 7; *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880–81 (2011) (explaining that a court has personal jurisdiction over a defendant corporation if the corporation has its principal place of business within that state's borders). A court in that district would also have subject matter jurisdiction over this matter because the parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04723-MRA-MAR | Date | February 20, 2026 |
|---|---|---|---|
| Title | *Narguess Noohi v. The Hershey Company* | | |

are diverse and the amount in controversy exceeds $75,000.[3]  *See* ECF 39 at 8–9; 28 U.S.C. § 1332(a)).    Furthermore, venue would be proper in that district because Defendant is headquartered there, as are Hershey's subsidiaries, the Hershey Salty Snacks Company and the Hershey Salty Snacks Sales Company, which manufacture and sell the Products, respectively. *See* ECF 39 at 7.    In addition, the majority of these Hershey companies' executive and administrative functions, including those related to product development, product packaging and labeling, and product marketing, are centered at their headquarters.  *See* ECF 31 ¶¶ 38–39, 45; Decl. of Trevor Jakubek ("Jakubek Decl."), ¶¶ 4–6; 28 U.S.C. §§ 1391(b)(1), 1391(c).  Thus, because this action could have been brought in either the Central District of California or the Middle District of Pennsylvania, the Court turns to the second prong of the § 1404(a) analysis, beginning with the interest-of-justice factors.

### A.    Interest-of-Justice Factors

#### 1.    Plaintiff's Choice of Forum

Defendant argues that Plaintiff's choice of forum is entitled to little weight because she seeks to represent a nationwide class.  ECF 39 at 11–12.  Plaintiff admits that her choice of forum is afforded less deference than it would be if she were bringing this action individually but argues that she is still entitled to some deference, given that the forum is her "residence, the conduct giving rise to the claims occurred in this forum, and the choice of forum was not a second choice."  ECF 43 at 6.

"The general rule is that a plaintiff's choice of forum is afforded substantial weight" in determining whether transfer is in the interest of justice.  *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citing, *inter alia*, *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).  However, "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citations omitted).  The reasons for affording less weight to a plaintiff's choice of forum in class actions are "to guard against forum shopping" and because the

---

[3] Although neither Plaintiff's Complaint nor her FAC estimates a specific amount in controversy, Hershey argues in its Notice of Removal that it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000 given the size of the class, the length of the class period, and the types of damages requested under the statutory causes of action.  *See* ECF 1 at 5–6.  Plaintiff does not dispute that the amount in controversy is likely to exceed $75,000.  *See* ECF 31 ¶ 2.  Thus, the Court finds that the amount-in-controversy requirement is met for purposes of this Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04723-MRA-MAR | Date | February 20, 2026 |
|---|---|---|---|
| Title | *Narguess Noohi v. The Hershey Company* | | |

forum "chosen by the named plaintiff may be inconvenient for others" when "all class members do not hail from the same home forum." *Gunaratna v. Dr. Dennis Gross Skincare, LLC*, No. CV 20-2311-MWF (GJSX), 2023 WL 5505032, at *4 (C.D. Cal. July 20, 2023) (citation omitted); *see also Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1185–86 (N.D. Cal. 2010). "By contrast, courts have held that, when most class members reside in a single state, the plaintiffs' choice of forum is given the customary substantial deference." *Ganezer v. DirectBuy, Inc.*, No. CV 08-8666 GAF (RCX), 2012 WL 12867971, at *6 (C.D. Cal. Jan. 30, 2012) (citing *In re Warrick*, 70 F.3d 736, 741, n.7 (2d Cir. 1995)); *see also Gunaratna*, 2023 WL 5505032, at *4 (finding that plaintiff's choice of forum merited significant deference where "most, if not all, of the class members . . . reside[d] within the state" and where the court had already certified an all-California class).

Here, Plaintiff resides in this district, and there is no argument that she has engaged in forum shopping. However, Plaintiff proposes a California subclass in addition to a nationwide class, and Plaintiff is the only named plaintiff for both proposed classes, which have yet to be certified. The size of the classes and the identities of the class members are also still unknown to Plaintiff, but she estimates that they will "include thousands, if not millions of members." ECF 31 ¶ 49. Although California is a populous state, Plaintiff does not plead (and the Court does not assume) that the California subclass will outnumber the nationwide class. In fact, given the nature of a subclass, the opposite is likely true.

In sum, given the nationwide class-action nature of this suit, Plaintiff's choice of forum is entitled to some deference, but not the substantial weight that is generally warranted. The Court therefore treats this factor as supportive of transfer or at least neutral on the question of transfer.

> 2.    ***Parties' Contacts with the Forum and Related to the Causes of Action***

Defendant argues that Plaintiff's choice of forum still carries less weight because this case involves minimal contact with this district. ECF 39 at 12. Plaintiff responds that there is substantial contact with the forum because she is a California resident, she purchased the Product in California, and her causes of action are based on California law. ECF 43 at 5–7.

Even in a class action, "[i]n judging the weight to be accorded [the plaintiff]'s choice of forum, consideration must be given to the extent of both [the parties'] contacts with the forum, including those relating to [the plaintiff]'s cause of action." *Lou*, 834 F.2d at 739. "[I]f the operative facts have not occurred within the forum and the forum has no interest in the parties or the subject matter, [the plaintiff]'s choice is entitled to only minimal consideration." *Id.* Put another way, "if the transactions giving rise to the action lack a significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given considerably less weight."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04723-MRA-MAR | Date | February 20, 2026 |
|---|---|---|---|
| Title | *Narguess Noohi v. The Hershey Company* | | |

*Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214–15 (S.D. Cal. 2013) (citing *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)).

Here, the parties and the action lack significant connection to this forum. Plaintiff's relevant connections boil down to her residence in this district and the fact that she purchased a single, six-ounce bag of cheese puffs at a local supermarket. ECF 31 ¶¶ 23, 29. Defendant's contacts with the forum consist of it selling its Products here. However, both parties agree that Defendant sells these Products throughout the United States—in fact, these nationwide sales are the basis for Plaintiff's pursuit of a nationwide class. *Id.* ¶ 9. Thus, "there is nothing about [Plaintiff's] experience unique to this District, and the nationwide class on whose behalf she files suit purportedly suffered the exact same harm in seemingly every single district across the nation." *Meza v. Procter & Gamble Co.*, No. ECDV 23-91 JGB (SHKX), 2023 WL 3267861, at *7 (C.D. Cal. Apr. 27, 2023).

Moreover, where "the gravamen of this case is whether [the defendant] made false and misleading statements in its advertising," and "a substantial portion of the most important contacts and conduct relating to the causes of action happened in [the transferee forum]," courts have found that this factor "weighs heavily in favor of transfer." *Moreno v. Johnson & Johnson Consumer Inc.*, No. 2:21-CV-02666-AB-PVC, 2021 WL 12302429, at *3 (C.D. Cal. Oct. 5, 2021); *see, e.g.*, *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157–58 (S.D. Cal. 2005) (explaining "numerous courts have given less deference to the plaintiff's choice of forum where the action has little connection with the chosen forum") (collecting cases). In such cases, courts have found that although the plaintiff "would have some role in a trial, it would not be nearly as significant as that of" the defendant's executives and employees with knowledge of the challenged representations because the plaintiff can testify only to "the fact of her purchase," not "the falsity of claims." *Jovel v. i-Health, Inc.*, No. CV 12-05526 DDP JCGX, 2012 WL 5470057, at *3 (C.D. Cal. Nov. 8, 2012).

Here, the gravamen of the case is Hershey's alleged false or misleading advertising in connection with its Products. Defendant argues that a substantial portion of the contacts and conduct giving rise to these claims occurred in its home district, the transferee district. Specifically, Defendant represents that the employees responsible for the "executive and administrative functions related to product development, product packaging (including labeling), and product marketing are centered at their headquarters [in Pennsylvania]," and the "majority of documents related to these functions are stored" there as well, not in California. Jakubek Decl. ¶ 6. One such employee is Hershey's Senior Brand Manager, Trevor Jakubek, who is "responsible for developing and executing brand strategies, which included making decisions concerning the marketing of the Products," and is in Hershey, Pennsylvania. *Id.* ¶¶ 2, 7. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04723-MRA-MAR | Date | February 20, 2026 |
|---|---|---|---|
| Title | *Narguess Noohi v. The Hershey Company* | | |

addition to Jakubek, "there are several other employees who were involved in labeling, marketing, and sales of Pirate's Booty," and they too are in Hershey. *Id.* ¶ 8. That Plaintiff has brought claims based in California law does not change the fact that Defendant has minimal contacts with California because its employees involved in the challenged conduct are in Pennsylvania.

For all these reasons, the Court finds this factor supports transferring this matter to the Middle District of Pennsylvania.

### 3.    *Remaining Factors*

The Court considers the remaining interest-of-justice factors.

*Local Interest in Controversy.* Plaintiff argues that "California has a strong interest in protecting consumers who reside in California, and who are injured in California by Defendant's conduct, like Plaintiff in this case." ECF 43 at 6. Defendant argues that this dispute is not localized in California because "[w]here plaintiff brings a nationwide class, other states have the 'same interest in protecting its class-member residents from false advertising as California and all other states do.'" ECF 44 at 12–13 (citing *Moreno*, 2021 WL 12302429, at *4). Defendant further argues that Pennsylvania "has the additional interest in ensuring that corporations that reside and are headquartered there do not engage in false advertising." *Id.* at 113 (citing *Greben v. Cinmar, LLC*, No. 2:24-CV-10140-MRA-BFM, 2025 WL 1765916, at *5 (C.D. Cal. May 30, 2025)). The Court agrees with Defendant that all states have an interest in consumer protection and shielding their residents from false or misleading advertising, but only Pennsylvania has an additional interest in ensuring that Hershey, specifically, does not engage in false advertising. This factor therefore weighs in favor of transfer.

*Familiarity with Governing Law.* Plaintiff argues that her individual claims and the California subclass's claims are governed by California law, and that "California Courts are in the best position to determine issues of unique California law raised by Plaintiff." ECF 43 at 5–6. However, "federal judges routinely apply the law of a State other than the State in which they sit." *Atlantic Marine Const. Co.*, 571 U.S. at 67. "As a federal court sitting in diversity, this Court must apply California's choice of law rules to determine which law governs Plaintiff's claims, and the same would be true if this action was transferred" to another district. *Romoff v. Johnson & Johnson Consumer Inc.*, No. 22CV75-LL-WVG, 2022 WL 3905301, at *5 (S.D. Cal. Aug. 26, 2022) (citing *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 65 (9th Cir. 1993)). This factor is therefore neutral.

*Costs of Litigation and Access to Proof.* Plaintiff argues that "the cost of litigating is not equal" because "Plaintiff is an individual consumer, while Defendant is a massive corporation,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04723-MRA-MAR | Date | February 20, 2026 |
|---|---|---|---|
| Title | *Narguess Noohi v. The Hershey Company* | | |

[and] as a result Plaintiff will feel the economic burden of litigating outside her resident state to a greater degree than Defendant." ECF 43 at 7. But "the relative ability of litigants to bear the expenses of trial," while relevant, is "not entitled to great weight[.]" *Alpha GRP, Inc. v. Subaru of Am., Inc.*, No. CV182133MWFMRWX, 2018 WL 5986989, at *7 (C.D. Cal. June 8, 2018). The more important inquiry when assessing this factor is where "the majority of the relevant witnesses and evidence is located." *Meza*, 2023 WL 3267861, at *9. Here, Pennsylvania "better facilitates ease of access to sources of proof." *Id.* This is so because "litigation costs are reduced when venue is located near the most witnesses expected to testify" and, notwithstanding "developments in electronic conveyance," when the "the venue is in the district in which most of the documentary evidence is stored." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013). Thus, these factors weigh in favor of transfer.

*Court Congestion and Speed of Resolution.* Neither party addresses the comparative congestion of the two districts at issue. Moreover, courts in this circuit give little weight to this consideration. *See Meza*, 2023 WL 3267861, at *9. The Court considers this factor as neutral.

On balance, the Court finds that the remaining interest-of-justice factors weigh in favor of transferring this matter to the Middle District of Pennsylvania.

**B.      Convenience of the Parties and Witnesses**

As is evident from this Motion, each party would prefer to litigate in the forum that is most convenient for them. Accordingly, "this factor is not particularly salient because it invariably involves some degree of inconvenience for either side." *Meza*, 2023 WL 3267861, at *10; *see also* Moore's Fed. Prac. – Civ. § 111.13(1)(e)(i) (stating "when the plaintiff resides in the chosen forum and the defendant resides in the proposed transferee district, one or the other unavoidably will be inconvenienced whether transfer is granted or not"). Given that the convenience of the parties is essentially neutral, the Court proceeds to analyze the convenience of the witnesses.

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Metz*, 674 F. Supp. 2d at 1147 (quoting *Saleh*, 361 F. Supp. 2d at 1160). Courts consider "not only the number of witnesses, but also the nature and quality of their testimony." *Id.* (citation omitted); *see also Saleh*, 361 F. Supp. 2d at 1161–62. The "convenience of employees is less important than the convenience of non-party witnesses." *Metz*, 674 F. Supp. 2d at 1147 (citation omitted). The party seeking transfer "must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover." *Gherebi v. Bush*, 352 F.3d 1278, 1304 n.33 (9th Cir. 2003), *vacated on other grounds*, 542 U.S. 952 (2004). In determining the convenience of the witnesses, the court "must examine the materiality and importance of the anticipated witnesses' testimony and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04723-MRA-MAR | Date | February 20, 2026 |
|---|---|---|---|
| Title | *Narguess Noohi v. The Hershey Company* | | |

then determine their accessibility and convenience to the forum." *Id.*

As explained above, Defendant argues that the "heart of the matter" lies where the marketing decisions were made, which is in Hershey, Pennsylvania. Specifically, Defendant identifies four employee witnesses who are located in Pennsylvania: Senior Brand Manager Trevor Jakubek, whose duties include "developing and executing brand strategies" and marketing decisions; Director of Packaging Sandra Hand, whose duties include making "material specifications and graphic execution for the Products' labels"; Director of Sales Grocery East Gwen Andrews, whose duties include "sales and customer relationship management for the grocery and food channel for the Eastern half of the United States"; and Senior Brand Manager Roman Harlovic, whose duties include "developing and executing brand strategies." Jakubek Decl. ¶¶ 7–8.

The Court agrees that these individuals are likely to contribute important testimony and would be inconvenienced by cross-country travel to this district. Rather than present her own material witnesses that would be inconvenienced by travel to Pennsylvania or dispute the materiality of Defendant's witnesses, Plaintiff argues that the parties will be able to conduct "video depositions for most, if not all, witnesses." ECF 43 at 7. While video depositions of the witnesses may be possible, the witnesses will still need to testify in person if the case proceeds to trial, and thus the Court is still obligated to consider how these witnesses would be impacted by the choice of forum. *See Saleh v. Titan Corp.*, 361 F. Supp. 2d at 1165 ("In assessing the effect of a transfer on the convenience of witnesses, courts consider the effect of a transfer on the availability of certain witnesses, and their live testimony, at trial."); *Moreno*, 2021 WL 12302429, at *2 ("[T]he trial testimony of Defendant's employees about the Products is more important to the adjudication of this consumer class action than the testimony of the named Plaintiff").

Although Plaintiff resides in this district, it does not follow that this is the more convenient forum for the parties and witnesses. Moreover, Plaintiff has not demonstrated that she would suffer undue prejudice if the case were transferred, because "any prejudice to her is minimized by the fact that this is a class action suit." *Metz*, 674 F. Supp. 2d at 1147. Thus, the Court finds that it would be more convenient for the parties and the witnesses and in the interest of justice if this action were litigated in Pennsylvania.

//

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04723-MRA-MAR | Date | February 20, 2026 |
|---|---|---|---|
| Title | *Narguess Noohi v. The Hershey Company* | | |

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer [39] is **GRANTED,** and this action shall be transferred forthwith to the United States District Court for the Middle District of Pennsylvania.   Defendant's Motion to Dismiss [34] is **DENIED** without prejudice to renewal before the transferee court.   This matter is **CLOSED** in this district.

**IT IS SO ORDERED.**

-   :   -

Initials of Deputy Clerk     mku